UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Andrew Hall,
     Plaintiff

v.

Lorettann Gascard and
Nikolas Gascard,
     Defendants

Case No. 16-cv-418-SM
Opinion No. 2018 DNH 105

## O R D E R

Plaintiff, Andrew Hall, alleges that, over a two-year period, he purchased numerous works of art from Lorettann and Nikolas Gascard. He says the Gascards represented each work to be an original painting by the American artist Leon Golub. Subsequently, says Hall, he discovered that each was a high-quality forgery. Moreover, he claims the Gascards knew that each work was a forgery when they sold it to him.

In this action, Hall Seeks to recover the nearly half million dollars he paid the Gascards for the allegedly forged works and advances five claims against them: fraud, conspiracy to defraud, breach of contract, breach of warranty, and unjust enrichment.[1] The Gascards have moved for summary judgment on

---

[1] Hall originally asserted a sixth claim under New Hampshire's Consumer Protection Act, but he now concedes that claim should be dismissed.

each of Hall's claims, arguing that they are barred by the applicable statute of limitations and/or that the undisputed material facts demonstrate that they are entitled to judgment as a matter of law.

But, before addressing the merits of the Gascards' motion, the court must determine which limitations period governs each of Hall's distinct legal claims: the three-year period established in N.H. Rev. Stat. Ann. ("RSA") 508:4, or the four-year period set forth in New Hampshire's version of the Uniform Commercial Code ("UCC"), RSA 382-A:2-725. Neither party has thoroughly and directly addressed that potentially dispositive issue. The Gascards simply assert, without elaboration, that Hall's claims for breach of contract, breach of warranty, and unjust enrichment are governed by the UCC. See Defendants' Memorandum (document no. 44-1) at 6-7. For his part, Hall seems to concede that his breach of warranty claims are governed by the UCC, see Plaintiff's Memorandum (document no. 46-1) at 15, but vaguely suggests that his "personal claims" (including, apparently, breach of contract) are governed by RSA 508:4, see id. at 1, 9, and 12. Hall does not, however, explain why his breach of contract claim would not be governed by the UCC if his breach of warranty claims are covered by that statute. Nor does

he address the Gascards' position that his unjust enrichment claim is also governed by the UCC's limitations period.

Application of the correct statutory limitations period would seem to make a material difference in this case. While New Hampshire's statute of limitations for most personal actions, RSA 508:4, provides that such actions must be commenced "within 3 years after the time of injury or damage," it also codifies the so-called discovery rule:

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

Id. (emphasis supplied). New Hampshire's UCC, on the other hand, provides a slightly longer limitations period, but does not admit of the discovery rule:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of

3

the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

RSA 382-A:2-725 (emphasis supplied).

Here, Hall did not file suit within three (or four) years of even his most recent purchase from the Gascards. For claims subject to the three-year limitations period of RSA 508:4, Hall might be able to demonstrate that they are subject to the "discovery rule" or equitable tolling of some sort. But, because the discovery rule does not typically apply to claims governed by the UCC, any such claims are likely time barred – unless, of course, Hall can demonstrate that those claims fall within the narrowly-defined category of UCC causes of action that are subject to either a longer limitations period (e.g., extended warranties of future product performance) or some form of equitable tolling.

## Conclusion

Determining whether the UCC applies to one or more of Hall's claims is central to the resolution of defendants' motion for summary judgment. While it would seem that Hall's contract

4

and warranty claims are governed by the UCC's limitation period, neither Hall nor the Gascards have adequately briefed the issue.[2]

Accordingly, on or before June 22, 2018, Hall shall submit a legal memorandum in which he addresses (with citations to appropriate authority) the following questions:

1. Which limitations period (RSA 508:4 or RSA 382-A:2-725) applies to each one of his five remaining claims; and

2. As to those claims governed by the UCC's limitations period, the precise basis upon which Hall relies for either extending or tolling that four-year limitations period (e.g., fraudulent concealment, explicit warranty of future performance, etc.).

The Gascards may, if they chose, file a responsive brief on or before July 13, 2018.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 18, 2018

---

[2] New Hampshire's UCC governs all "transactions in goods." RSA 382-A:2-102. "Goods," in turn, are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." RSA 382-A:2-105(1).

5

cc:   Ted Poretz, Esq.
      Samantha D. Elliott, Esq.
      Jeffrey Christensen, Esq.
      William B. Pribis, Esq.